IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2009

## MARCUS RAY CLARK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-08-282     Roy B. Morgan, Jr., Judge**

**No. W2008-02722-CCA-R3-PC  - Filed April 15, 2010**

The Petitioner, Marcus Ray Clark, appeals as of right the Madison County Circuit Court's denial of his petition for post-conviction relief challenging his guilty plea convictions for five counts of aggravated burglary, Class C felonies, and four counts of theft of property, Class D felonies.  On appeal, the Petitioner argues that he received the ineffective assistance of counsel and that counsel's ineffective assistance rendered his guilty pleas unknowing and involuntary.  After the appointment of counsel and a full evidentiary hearing, the post-conviction court found that the Petitioner failed to prove his allegations by clear and convincing evidence and denied the petition.  After reviewing the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, attorney for appellant, Marcus Ray Clark.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Jerry Woodall, District Attorney General; Al Earls, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

At the Petitioner's July 24, 2008 guilty plea hearing, the State summarized the proof that it would have presented had the Petitioner's case gone to trial:

That on or about November the 28th of 2007 in Madison County, the [Petitioner] accompanied by Tony Willoughby did enter the habitation of Phillip Pickens without the effective consent of the owner with the intent to commit theft of property. The State would also show that [the Petitioner], accompanied by Tony Willoughby on that same date, did commit theft in that they stole a gun, microwave, electronics, miscellaneous items over the value of $1,000.

On or about November the 28th, 2007, again [the Petitioner] in the company of Mr. Willoughy did unlawfully enter the habitation of a Howard Thompson without Mr. Thompson's effective consent with the intent to commit theft of property.

Count 8, on or about November the 28th of 2007 in Madison County, Tennessee, the [Petitioner] did unlawfully enter the habitation of James Cisco without Mr. Cisco's effective consent with the intent to commit theft of property. On that same date [the Petitioner] did in fact obtain and exercise control of a number of items, including guns, television, computer, jewelry and miscellaneous items.

. . .

On or about November 30th, 2007, [the Petitioner] did unlawfully enter the habitation of Diane Mayo without her effective consent with intent to commit theft of property. While in the home of Ms. Mayo, he did exercise control of jewelry, DVDs, miscellaneous items equal to or over the value of 1,000 without Ms. Mayo's effective consent.

As a condition of the plea agreement, the Petitioner agreed to testify truthfully in regards to the co-defendant's participation in the burglaries. When asked if he had any questions about the plea agreement, the Petitioner stated that he did not agree with the amount of restitution imposed in his case. After some discussion with his attorney, the Petitioner again stated that he wanted to plead guilty and accept the plea agreement. As a result of the plea agreement, the Petitioner was sentenced as a Range I offender and received a total effective sentence of twelve years.

On September 17, 2008, the Petitioner filed a timely pro se petition for post-conviction relief, and with the assistance of counsel, the Petitioner filed an amended petition for post-conviction relief on October 21, 2008.

The proof at the evidentiary hearing consisted solely of the testimony of the Petitioner and trial counsel. The Petitioner testified that he was not satisfied with trial counsel's representation because she did not meet with him to discuss his options before the guilty plea hearing. She did not explain the criminal process, his rights, or the range of punishment that he might receive in his case, and she sent her co-counsel to the guilty plea hearing because she did not attend the hearing herself. According to the Petitioner, co-counsel did not know anything about his case. He also felt pressured to accept the plea agreement when co-counsel told him that if he did not take the plea deal, the State would "run [his] charges wild," meaning that his charges might run consecutively.

The Petitioner stated that he had "never been in trouble before now." The Petitioner argues that trial counsel "failed to fight for [him]. She failed to explain to [him] what [he] was going through. She failed to let [him] know what [he] was getting [himself] into." Trial counsel did not challenge the Assistant District Attorney's involvement in his case. According to the Petitioner, one of the Assistant District Attorneys was related to one of the victims in the Petitioner's case. However, the Petitioner admitted that the attorney did not prosecute his case.

On cross-examination, the Petitioner denied that he was adjudicated delinquent by the juvenile court in 2004 or that he was convicted of driving on a revoked license. The Petitioner admitted that he told the trial court that he was satisfied with trial counsel's service at his guilty plea hearing and that the trial court advised him of all of his rights before he pled guilty. He also admitted that he did not have a defense to the charges because he confessed to the crimes.

Trial counsel testified that she has been practicing criminal law since 2003 and that approximately 85% of her practice consists of criminal defense cases. Trial counsel was assigned to the Petitioner's case in General Sessions Court. She stated that she filed a motion for discovery in his case and gave copies of everything she received to the Petitioner. Trial counsel also stated that she reviewed a notice of request for enhanced punishment with the Petitioner. The notice referenced an aggravated assault charge from 2004. When confronted with the information, the Petitioner stated that he was not sure about the charge. After talking with his parents, the Petitioner called trial counsel and admitted that he was adjudicated delinquent in 2004.

Although she scheduled several meetings with the Petitioner, the Petitioner missed several appointments and came to her office unannounced on several occasions. When she

did meet with the Petitioner, they discussed the fact that he had confessed to the crimes and that he did not have a valid defense that she could pursue at trial. Trial counsel stated that the Petitioner never indicated that he wanted to go to trial and that all of his questions related to how much time he would have to spend in prison. Therefore, her main objective was to get him the best sentence possible. Trial counsel met with the Assistant District Attorney assigned to the Petitioner's case on several occasions to discuss the Petitioner's case, and she even worked out an agreement whereby the Petitioner could return some of the stolen property and receive a lesser sentence.

Trial counsel was present the morning of the plea hearing and worked with the Assistant District Attorney in trying to correct the amount of restitution in the Petitioner's case. Trial counsel went over the paperwork with the Petitioner before they both signed the papers. She made sure that he did not have any more questions before she left him with co-counsel.

Following the full evidentiary hearing, the post-conviction court found that the Petitioner failed to prove by clear and convincing evidence that trial counsel was deficient. In denying the petition for post-conviction relief, the trial court stated,

> The Petitioner was very specific today. He wants a better plea [agreement]. He's acknowledged there was no defense to his case but he wants a better plea [agreement], and that's why we're so thorough, as evidenced by Exhibit 1, in taking the plea at the time to make sure this is the [Petitioner's] agreement, that we're approving what they ask us to approve.
>
> For the reasons stated, the [c]ourt is going to [deny] the petition for failure to carry the burden. Thank you.

In the order denying post-conviction relief, the trial court stated,

> There is nothing in the proof that in any way substantiates any of the allegations of the petition. It is clear particularly from the transcript of the guilty plea hearing that the [c]ourt went to great pains to make sure that the [Petitioner] clearly understood everything in his plea agreement and that he understood all of his constitutional rights and that he was satisfied with [trial counsel]. The [P]etitioner clearly responded that he fully understood everything and that he was making a knowing and voluntary decision to plead guilty. The [P]etitioner has failed to demonstrate based upon the proof presented that he did not

-4-

make a knowing and voluntary decision to enter his guilty plea or that his attorney did anything that affected that knowing and voluntary decision.

The Petitioner filed a timely notice of appeal.

## ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea as in this case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The Petitioner asserts that trial counsel was ineffective for failing to adequately investigate the case and develop a theory for the defense. The Petitioner submits that trial counsel did not meet with him to discuss the charges and possible penalties in his case; therefore, he was not able to participate in his defense or make a knowing and voluntary waiver of his rights. The State contends that the Petitioner failed to demonstrate that his plea was involuntary and that the Petitioner never intended to go to trial.

The Petitioner stated that he simply wanted a better plea agreement. He admitted that he did not have a defense because he confessed and provided officers with evidence of his involvement. Trial counsel testified that the Petitioner never wanted to go to trial and that the Petitioner's sole concern related to the amount of time he would have to serve. Trial counsel stated that she tried to obtain the best plea agreement possible for the Petitioner; that she provided the Petitioner with copies of all discovery; and that she fully explained the case and his options to the Petitioner. The post-conviction court, in its ruling, credited the testimony of trial counsel as opposed to the Petitioner's testimony. Accordingly, we conclude that the record supports the post-conviction court's denial of the petition for post-conviction relief.

## CONCLUSION

In consideration of the foregoing, the judgment of the post-conviction court denying the petition for post-conviction relief is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE